UNITED STATES FEDERAL COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ANDRE BISASOR <br><br> Plaintiff, <br><br> v. <br><br> DONNA ASHTON; ASHTON LAW PC <br><br> Defendants. | CIVIL ACTION DOCKET NO: |

## COMPLAINT

COMES NOW the Plaintiff in the above action and for his Complaint against the Defendants, states as follows:

### PARTIES

1. The plaintiff is Andre Bisasor who is located at 3000 Presidents Way #3413, Dedham, MA 02026.

2. Defendants, Donna Ashton/Ashton Law PC (also known as "Law Offices of Donna Ashton") is a law firm that operates as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. §1692a(6). They are located at 28 Church Street Suite 10, Winchester, MA 016890, and transacts business in the State of Massachusetts. Defendants operate as a collection agency on behalf of Greystar Management Services LP;

3. Defendants are debt collectors as defined by the FDCPA 15 USC § 1692(a)(6)

### JURISDICTION AND VENUE

4. This is an action brought by a consumer for violations of the Fair Debt Collection Practices Act (15 U.S.C. § 1692 et seq. [hereinafter "FDCPA"]). Therefore, subject matter jurisdiction exists under 28 U.S.C. § 1331.2.

5. Venue is proper in this Court under 28 U.S.C. Section 1391(b) as a substantial part of the events giving rise to the claim took place in this Judicial District and Plaintiff is subject to personal jurisdiction in this Judicial District

### FACTS

6. Plaintiff is a "consumer" as the term is defined by the Fair Debt Collection Practices Act (FDCPA).

7. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA.

8. On October 15, 2014, Ms. Ashton sent me communications in an attempt to collect a debt on behalf of its Greystar Management Services. She failed to advise or to provide the required notice under Federal law that states she must disclose certain rights to me pursuant to FDCPA. By failing to do so, that is automatically is entitles me to statutory damages.

9. There are at least two or three other instances where Ms. Ashton sent me formal communications in an attempt to collect a debt but failed to provide the required FDCPA disclosures.

10. On December 23, 2014. She finally includes the FDCPA notice in her communications to me but she still failed to allow the required 30 days for me to dispute the debt before initiating legal action. She initiated eviction on January 12, 2015 eventhough she was required to wait until at least January 23, 2015 before she initiated further action. This entitles me again to statutory damages.

11. When I finally provided a request for debt validation on January 21, 2015, she failed to provide all of the documentation requested that would prove the validity of the debt and the exact amounts of the debt. This entitles me again to statutory damages.

12. When I brought these issues to Ms. Ashton's attention asking her to comply with the FDCPA, she rebuffed me telling me a lie that these things don't apply and that I misunderstood the law. Later she reversed course and tried to cover her tracks after I continued to put pressure on her to comply with the FDCPA, thereby implicitly showing that I in fact read the law correctly. The FDCPA prohibits unfair, deceptive acts and false statements and misrepresentations by a debt collector when dealing with consumers. By making these false misrepresentations, Ms. Ashton sough to mislead me regarding my rights and thus violated the FDCPA. This entitles me again to statutory damages.

13. I had asked Ms. Ashton to not communicate with me on several occasions in the past.
    a. Under the FDCPA, I have a right to request that attorney debt collectors do not communicate with me.
    b. Since I was not represented by counsel, I felt that my communicating with a debt collector attorney would put me at a disadvantage.
    c. This is also something I found to be of concern in the Massachusetts rules of professional conduct for lawyers.
    d. So I insisted that I communicate with Greystar management only but Ms. Ashton insisted that she communicate with me and eventually forced me to have to communicate with her.
    e. This is a violation of the FDCPA and it entitles me again to statutory damages.

14. Ms. Ashton has refused to provide information regarding the service details by her process server Mathew Lupica for service claimed to have beeen effected on January 12, 2015, eventhough she promised she would do so.
    a. Instead she has reneged on her promise, thereby misrepresenting herself and misleading me regarding the same.

    b. Undoubtedly she uncovered unfavorable information regarding the fact that I had challenged the service return as a false return and this goes to the heart of perjury or suborning perjury by her/Greystar and this is likely why she misled me and made false promises to me.
    c. Either way, this is a violation of the FDCPA and it entitles me again to statutory damages.

15. In around mid-January 2015, after I continued to request debt validation though she had refused to do so previously and within a timely manner, Ms. Ashton knowingly gave me selective and edited documentation regarding the bills that form the basis for proving debt validity.
    a. When I ask for the excluded bills, she remained silent on the matter. This shows willful deception.
    b. This is a violation of the FDCPA and it entitles me again to statutory damages.
16. Ms. Ashton served me a 14-day notice to quit for non-payment of rent in an attempt to collect the debt but did not advise me of my FDCPA rights including having 30 days with which to dispute the debt.

### COUNT 1
### Violations of Fair Debt Collection Practices Act and Massachusetts Consumer Debt Collection Act

17. There is an overshadowing in the notice to quit that contained the 14 day notice to quit as well as the 30 day FDCPA "Miranda warning".
18. Even if the FDCPA statutory notices are given, a violation of the FDCPA may still occur if additionally language in the notice is found to have "overshadowed" or contradicted by other language in the collection letter. The Second Circuit Court of Appeals has stated "[w]hen a notice contains language that 'overshadows or contradicts' other language informing the consumer of her rights, it violates the Act." In Russell v. Equifax, 74 F.3d 30, 34 (2nd Cir. 1996), the court found that despite the proper statutory notices, a violation of the FCDPA occurred when the Defendants added the following language to the letter "If you do not dispute this claim (see reverse side) and wish to pay it within the next 10 days we will not post this collection to your file." Therefore, all that a plaintiff needs to show is a contradiction between the required notices and other language in the letter.
19. We were thus presented with two different and conflicting statements. If we believed the message printed on the bottom of the notice, we would understand, as the FDCPA intends us to, that we had 30 days to decide whether to contest the claim. But, if we believed what was printed on the top of the notice, we would fear that unless we decided not to dispute the claim and to pay it within 14 days, the alleged debt owed would result in legal action and eviction.
20. Any notice sent by the Defendants (which demands payment before the expiration of the 30 day validation period) constitutes an overshadowing violation. Accordingly, to prevent overshadowing, a Defendants should not include any language in the original letter which implies a consumer take action prior to the 30 day validation period. See Jacobson v. Healthcare Fin. Servs, Inc., 516 F.3d 85 (2nd Cir. 2008). See McMillan v. Collection Prof'ls, Inc., 455 F.3d 754, 759 n. 5 (7th Cir. 2006) (stating "a Defendants can violation § 1692g by contradicting the required information or by 'overshadowing' it" and "a letter can be confusing

when it overshadows the necessary language, when it contradicts the required language or when it fails to explain an apparent contradiction").
21. The notice to quit should not contain confusing language.
22. Our notice to quit does contain confusing language.
23. A notice to quit, under this statute, is a distinct act upon which important rights and consequences are made to depend. It must, therefore, be sufficient and perfect of itself without reference to any subsequent proceedings. It is not made to depend upon them for its validity, but they upon it. In order for the Defendants to sustain the validity of the notice, in this case, they would have to make the sufficiency of a notice to quit to depend not upon its own intrinsic validity, but upon the proceedings which are to follow it. Such a construction would defeat the main object in requiring a notice to be given to the tenant, for he would then be left to wait for the commencement of the summary proceedings, in order to ascertain the object of his lessor in giving him the notice.
    a. The Debt Collector is required to give Tenants 30days to dispute the debt under FDCPA.

    b. By filing this eviction action before the 30 days expired, the Debt Collector did not give me the time provided by law.

    c. Therefore, Defendants started an eviction case for non-payment of rent before the required time by law expired.

    d. The Notice to Quit was also thus unclear and/or misleading because it gave two dates with which Tenants should comply; one was 14days and the other was 30 days and thus obscuring Tenants' rights.

    e. Defendants have failed to comply with the 30 day requirement of the FDCPA to allow for dispute of debt and has not provided proper verification of the debt though requested several times by me and as required by the FDCPA.

24. Defendants have violated the FDCPA by engaging in false or misleading representations in connection with the collection of debts as follows:
    a. The FDCPA prohibits debt collectors from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.
    b. In numerous instances, in connection with the collection of debts, Debt Collector, directly or indirectly, have used false, deceptive, or misleading representations or means.
    c. Defendants' representations constitute false, deceptive, or misleading representations or means, in violation of the FDCPA.

25. Defendants have violated the FDCPA by engaging unlawful third-party communications in connection with the collection of debts as follows:

    a. The FDCPA governs communications in connection with a debt generally. It prohibits communications about a debt with any person other than the consumer, except with the permission of the consumer.
    b. Defendants, directly or indirectly, have communicated about a debt with persons other than the consumer, without the permission of the consumer.
    c. These acts constitute violations of the FDCPA.

26. Defendants have violated the FDCPA by engaging in unlawful failure to cease communications in connection with the collection of debts as follows:
    a. The FDCPA specifically prohibits communication with a consumer with respect to a debt if the consumer has notified the Defendants in writing that the consumer refuses to pay a debt or that the consumer wishes the Defendants to cease further communication with the consumer except to advise the consumer that the Defendants's further efforts are being terminated, to notify the consumer that the Defendants or creditor may invoke specified remedies which are ordinarily invoked by such Defendants or creditor, or to notify the consumer that the Defendants or creditor intends to invoke a specified remedy.
    b. Defendants, directly or indirectly, have communicated with consumers with respect to a debt after the consumers have notified Defendants in writing that the consumers wish Defendants to cease further communication.
    c. Such communications are not made to advise the consumers that Defendants' further efforts were being terminated, to notify the consumers that Defendants or creditors may invoke specified remedies which are ordinarily invoked, or to notify the consumers that Defendants or creditors intended to invoke a specified remedy.

27. Defendants have violated the FDCPA by engaging in annoying, abusive, or harassing communications and actions in connection with the collection of debts as follows:
    a. The FDCPA prohibits Defendants from engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.
    b. Defendants, directly or indirectly, have engaged in conduct the natural consequence of which is to harass, oppress, or abuse persons.
    c. The Defendants' conduct violated the FDCPA in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Tenant in connection with the collection of a debt.

28. Defendants did not comply with the request for validation of debt
    a. Defendants has failed to verify or correct computations in the documents it provided that are contradictory as follows:
        i. The bills for months August through December 2014 are missing.
        ii. That is at least 5 months of bills that are missing.
        iii. This is highly suspicious and tenants would like to see all of the bills that were previously generated and sent to tenants including for months August through December 2014.
        iv. Also, there are discrepancies with Landlord's numbers.
        v. There are also errors with a very high charge for water during the months of May, June and July 2014 when tenants were not living in unit 3413.

    ii.    Plaintiff has requested but Defendants has refused to show the original water commission bills for water usage for unit (from April 2014 until present), and not only the bills prepared by Greystar.

29. Defendants continue to violate the FDCPA in other ways, in connection with the collection of debts.

30. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

31. As a direct consequence of the Defendants' acts, practices and conduct, the Defendants suffered and continues to suffer from humiliation, anxiety, distress, fear, frustration and embarrassment.

32. On 4/14/15, Donna Ashton made misrepresentations about the role and connection of the parent company Deutsche Bank in order to try to create distance from any accountability by denying that they are the actual owner. This is while we have clear proof that they (Deutsche Bank) are in fact the owner of the property, and after Donna Ashton herself and Deutsche Bank themselves have acknowledged as much in writing. This is another sign of bad faith, and of unfair and deceptive business practices.

33. Defendants have engaged in misrepresentation and deception including but not limited to the following:

    a. Defendants have engaged in deception and deceptive acts. To the extent that such acts may be otherwise lawful, these acts are nevertheless unfair or oppressive acts. Defendants have engaged in lies and misrepresentation including: lying by omission, deception by fine print, dishonest communication/activity and non-transparency.

    b. Defendants have engaged in hostile, negative, uncooperative, antagonistic and unhelpful attitude towards me in retaliation for raising concerns about her conduct.

    c. Donna Ashton failed to reply to my 93A demand letter in a timely manner and then fabricated emails to try to show that she did reply in timely manner. She also lied about the time and date of sending the reply by certified mail.

34. Defendants engaged in a conspiracy, along with its process server Mr. Lupica, to submit a false return of service to the court. Defendants knew that did not its process server deliver any summons to tenants' door on January 12, 2015.

35. Multiple violations of § 1692e (2)(a) and 1692e(10) for the false representation of the character, amount, or legal status of any debt

36. Violations of § 1692e (8) communicating information which is known to be false

37. The interests of good faith and justice support the requested relief.

WHEREFORE, Plaintiff demands judgment against the Defendant herein for:

(a) That, for violation of the Fair Debt Collection Practices Act, Statutory damages pursuant to 15 USC § 1692(k);

(d) Any other relief that the court feels is necessary.

**PLAINTIFF REQUESTS A TRIAL BY JURY ON ALL MATTERS SO TRIABLE.**

Respectfully Submitted,

*Andre Bisasor*
**PLAINTIFF ANDRE BISASOR**
3000 Presidents Way #3413
Dedham, MA 02026
781-492-5675

Dated: October 15, 2015